UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Gary, # 337006, *a/k/a Christopher S. Gary,* | ) ) ) | C/A No. 6:12-2408-MGL-KFM |
| Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) ) | |
| Reglide Cooper, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

The plaintiff, Christopher Gary ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims Defendant Cooper used excessive force against Plaintiff in violation of his constitutional rights, for which Plaintiff seeks monetary damages. The complaint should be dismissed for failure to exhaust administrative remedies.

**INITIAL REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this magistrate judge is authorized to review all pretrial matters in cases filed by prisoners and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.

1

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint alleges that Defendant Cooper, in response to a non-threatening comment from Plaintiff, sprayed Plaintiff with over six grams of gas, threw Plaintiff to the ground and kneed him in the right side, after which he "stomped" Plaintiff three times. ECF No. 1 at 3. Plaintiff was then returned to his cell and refused a shower, despite being highly allergic to the gas. *Id*. Plaintiff states that later that day he received medical care for a bleeding ear. *Id*. The complaint states that the incident occurred on July

2

25, 2010, and Plaintiff filed a prisoner grievance concerning his claim on July 26, 2012, for which he has no grievance number and to which SCDC has not responded. *Id.* at 2.

While the complaint could state a claim for use of excessive force in violation of the Eighth Amendment by a person acting under color of state law, the Plaintiff acknowledges that he did not exhaust the SCDC prisoner grievance procedures so as to exhaust his available administrative remedies prior to filing this case. ECF No. 1 at 2. The Prison Litigation Reform Act ("PLRA") provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA, "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 524; *see Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007), found that the lack of exhaustion of administrative remedies is an affirmative defense and not a jurisdictional infirmity, which

3

abrogated procedures in some circuits, the *Jones v. Bock* decision did not abrogate procedures followed by the Fourth Circuit. The Fourth Circuit decision in *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674 (4th Cir. 2005), is noted in the *Jones* case for the holding that the PLRA exhaustion requirement is an affirmative defense. *Jones v. Bock*, 549 U.S. at 205, n. 2. The Fourth Circuit in *Anderson v. XYZ Correctional Health Services* not only determined that exhaustion is an affirmative defense, but also noted that if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson*, 407 F.3d at 683 ("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint...."); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) ("certain affirmative defenses implicate important institutional interests of the court, and may sometimes be properly raised and considered *sua sponte*.").

The complaint in this case specifically alleges Defendant Cooper used excessive force against Plaintiff on July 25, 2010. Plaintiff filed a grievance, two years later, on July 26, 2012. The Court may take judicial notice of the SCDC prisoner grievance process, specifically SCDC Policy GA-01.12 (Inmate Grievance System). *See Jamison v. Wright*, C/A No. 6:11-cv-2578-MBS, 2012 WL 3839153 (D.S.C. August 30, 2012), incorporating 2012 WL 3764031, at *3 n. 2 (D.S.C. June 29, 2012). The SCDC prisoner grievance policy requires an inmate to complete a step one grievance form and provide it to a designated employee within 15 days from the incident. *Id.* The complaint reveals that Plaintiff did not file a grievance within the required 15 days from the date of the incident on

4

July 25, 2010. Further, Plaintiff provides no explanation for the two year delay in filing his grievance. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. at 90–91. Plaintiff's failure to properly exhaust under the SCDC prisoner grievance policy is established on the face of the complaint, so the complaint is subject to summary dismissal.

In the event that the 2010 date stated in the complaint is a scrivener's error and the incident actually happened on July 25, 2012, the day before Plaintiff filed his grievance, Plaintiff still has not met the requirement to exhaust administrative remedies prior to filing in federal court. The complaint alleges a response from SCDC was not received as of the time the complaint was signed and filed. The complaint is dated August 9, 2012, only 14 days after the grievance was filed, and the envelope in which the complaint was mailed to the court is marked as received by the prison mailroom on August 17, 2012, only 22 days after filing the grievance. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). The SCDC prisoner grievance policy establishes 40 days for the Warden to respond to a step one grievance, as well as several days for the administrative processing of the grievance. *Jamison*, 2012 WL 3764031, at *3 n. 2. Plaintiff did not wait a sufficient time to allow for SCDC to respond to his grievance. Further, if Plaintiff doesn't agree with the result of the step one grievance, he must appeal the decision in a step two grievance to exhaust the administrative remedies available through the SCDC prisoner grievance policy. By filing this § 1983 action only 22 days after

5

initiating the required administrative remedy through the SCDC prisoner grievance system, Plaintiff has filed prematurely in federal court. Additionally, Plaintiff does not assert that the administrative process is unavailable. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). The lack of exhaustion of administrative remedies is apparent on the face of the complaint, so the complaint should be dismissed without prejudice.

**Recommendation**

Based on the foregoing, it is recommended that the District Judge dismiss the complaint *without prejudice* for failure to exhaust administrative remedies.

s/ Kevin F. McDonald
United States Magistrate Judge

October 4, 2012
Greenville, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).