IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Gary, #377006, <br> a/k/a Christopher S. Gary, <br><br> Plaintiff, <br><br> vs. <br><br> Reglide Cooper, <br><br> Defendant. <br> _____ | ) Civil Action No.: 6:12-2408-MGL <br> ) <br> ) <br> ) <br> ) **ORDER AND OPINION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Christopher Gary ("Plaintiff") is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff is currently housed at the Turbeville Correctional Institution in Turbeville, South Carolina.

On August 22, 2012, Plaintiff proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging Defendant Reglide Cooper ("Defendant") used excessive force against him in violation of his constitutional rights. Plaintiff alleges that on July 29, 2010 he was "assaulted, beat and hit with over 6 grams of gas" by Defendant. (ECF No. 1 at 3.) Plaintiff further alleges that he is "highly allergic" to gas and was refused a shower. (Id.) Plaintiff seeks monetary damages.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge Reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act. On October 4, 2012, Magistrate Judge McDonald issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. On October 4, 2012, Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 18 at 7). Plaintiff then moved for an extension of time to file objections, which was granted in a Text Order on October 23, 2012, and which gave the Plaintiff until November 7, 2012, to file any objections. Despite being advised of his right to file objections and granted an extension to do so, he has not filed any. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 16, 2012